## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Michael Scott** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Case No.:  GLR 16-4136** |
| | | **JUDGMENT:  December 19, 2017** |
| **Shaheen Group, LLC, et al.** | * | |
| **Defendant** | * | |

\*       \*       \*       \*       \*       \*       \*

### PLAINTIFFS' MOTION TO PERMIT DISCOVERY CONCERNING SUCCESSORSHIP PURSUANT TO FED.R.CIV.P. 25(C)

Plaintiff, Mr. Michael Scott, by and through undersigned counsel, moves for an Order allowing post-judgment discovery in support to support a theory that Defendant Shaheen Group, LLC, has one or more successors in interest, and in support thereof, states as follows:

### I.     Summary of Motion

Plaintiff was a tow truck operator who was employed by the Defendants who operated Empire Towing. (ECF Doc. 1).  When Plaintiff had the audacity to demand his back wages, Judgment Debtor Mudassar M. Rana had the Plaintiff jailed on frivolous charges that were later dismissed.

Plaintiff respectfully submits that there is at least one business entity operating as a legal successor in interest to Shaheen Group, LLC (t/a "Empire Towing"), one of the Defendant/Judgment Debtors in these proceedings.  The Plaintiff has reliable information which indicates that Judgment Debtor Mudassar M. Rana now operates an entity, "State Towing, LLC," which appears to be legal successor to Empire Towing.  Plaintiff

respectfully request that this Court grant limited post-judgment discovery, and such other relief as the Court may deem necessary, in order to fully discover whether State Towing, LLC, or any other entities, are, in fact, a legal successor in interest to Shaheen Group, LLC, for the purposes of presenting evidence to the Court in the form of a Motion for an Order of Successorship.

## II.      Standard of Review

Fed.R.Civ.P. 25(c) provides, in pertinent part, as follows:

> "If an interest is transferred, the action may be continued by or against the original party, unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

Rule 25 applies to any transfer of interest occurring at any time after an action is brought, including after judgment is entered. See Rodriguez-Miranda v. Benin, 829 F.3d 29 (1st Cir. 2016) (substitution may take place in later proceedings to enforce judgment); see also USI Properties Corp. v. M.D. Const. Co., Inc., et al., 186 F.R.D. 255, 260 (D. P.R. 1999). "A motion under Rule 25(c) for joinder or substitution of a party after suit has been commenced is addressed to the sound discretion of the court, taking into account all the exigencies of the situation." FDIC v. Tisch, 89 F.R.D. 446, 448 (E.D.N.Y. 1981). In passing on such a motion, it is within the power of the court to continue the action in its original posture, to order substitution of the party to whom interest has been transferred, or to join the transferee as a party. Id. There is no time limit for filing a Rule 25(c) motion. USI Properties Corp., 186 F.R.D. at 260.

## III.      Facts

On December 19, 2017, this Honorable Court entered an Order of Judgment against Defendants for violations arising under the Federal Fair Labor Standards Act, 29

U.S.C. § 201 et seq. (ECF Doc. 20). The Judgment was entered against Shaheen Group, LLC (t/a "Empire Towing"), Faizal "Frank" Nisar, and Mudassar M. Rana.

At least one of the individual Judgment Debtors, Mudassar M. Rana, who filed a bankruptcy petition approximately one hour before his post-judgment examination was set to begin (ECF Doc. 48), began operating State Towing, LLC in 2017.[1]  (Exh. 1). This occurred after Judgment Debtors, Rana and Faisal, apparently split their towing business (the individuals may have parted ways but that remains unclear). The corporate charter to Shaheen Group, LLC has now been revoked by the State of Maryland. (Exh. 2).

In essence, Plaintiff submits that Empire Towing, which ostensibly being operated under the limited liability corporation "Shaheen Group, LLC," (Exh. 3), simply split into two distinct business entities following the *apparent* separation of its principals,[2] and both of these business entities are legally responsible for the judgment rendered in this case against Shaheen Group, LLC, under a successorship theory of liability.

Upon information and belief, State Towing, LLC has vehicles that were operated by Empire Towing and the entity serves former auto club clients of Empire Towing. How else would State Towing, LLC suddenly receive at least four tow trucks?  In all respects, the towing operation of State Towing, LLC is run like Empire Towing. Upon information and belief, in order to finance and assist in the establishment of State Towing, LLC, Defendant Rana used assets received, recovered or transferred from Empire Towing.

---

[1]   This Motion is not directed at Mudassar M. Rana, who presently enjoys the automatic stay, but rather at State Towing, LLC as a successor in interest to Shaheen Group, LLC.

[2]   It remains unclear whether Rana and Faisal actually split or whether they are both doing business under State Towing, LLC.

## IV.   Argument

"[F]ederal courts have developed a common law successorship doctrine that currently applies to almost every employment statute, including the FLSA." Kearns et al., THE FAIR LABOR STANDARDS ACT (BNA/ABA pg. 1179); Steinbach et al. v. Hubbard et al., 51 F.3d 843, 845 (9th Cir. 1995) (concluding that successorship liability exists under the FLSA). "[A] transferee is a successor to the transferor and thus liable for a judgment that may be attached to the transferred assets, when the following three elements are shown: (1) the transferee is a bona fide successor; (2) the transferee had notice of the potential liability; and (3) the predecessor is unable to directly provide adequate relief." Herrera et al. v. Singh d/b/a Ram Farms, 118 F.Supp.2d 1120, 1123 (E.D. Wa. 2000) (applying successorship liability for violations of the Migrant and Seasonal Agricultural Workers Protection Act).   Courts have recognized that extending liability to successors will sometimes be necessary in order to vindicate important statutory policies favoring employee protections. See, e.g., Steinbach, 51 F.3d at 845. "Where employee protections are concerned, 'judicial importation of the concept of successor liability is essential to avoid undercutting Congressional purpose by parsimony in provision of effective remedies.' " Id. (quoting Wheeler v. Snyder Buick, Inc., 794 F.2d 1228, 1237 (7th Cir. 1986).

In this case, the Plaintiff respectfully requests discovery to determine whether State Towing, LLC is a legal successor of Defendant/Judgment Debtor Shaheen Group, LLC.

In evaluating the first criteria, i.e., whether State Towing, LLC is a "bona fide successor," the new business must retain common aspects of the prior business sufficient

to allow the legal conclusion of successorship. See Brock v. LaGrange Equipment Co., 1987 US Dist. LEXIS 14532, * 5 (D. Neb. 1987).  In this case, the Plaintiff needs discovery to be reopened, so that additional facts can be determined to establish as a matter of law the potential liability of State Towing, LLC as a potential successor. However, several elements that courts regularly look towards, in deciding whether a company is a "bona fide successor," are clearly satisfied, even without additional discovery as to this issue. See id. First, there appears to be a substantial continuity of the same business operation of towing vehicles.  Second, although additional discovery is required, State Towing, LLC is believed to have received vehicles from Empire Towing. Third, the predecessor, Empire Towing, is unable to provide complete relief.

On its face, State Towing, LLC appears to be the result of the shedding of one corporate identity for another.  While State Towing, LLC is ostensibly operating under a different name, its financial arrangements with motor clubs for towing reimbursement is identical to Empire Towing and State Towing, LLC is locally-owned and controlled by Judgment Debtor Mudassar Rana.

In sum, State Towing, LLC has profited from the efforts of at least one of the principals to continue to tow vehicles undisturbed by the very serious labor law violations and now undisputed liability of Empire Towing.  The Shaheen Group, LLC (t/a "Empire Towing") should not be allowed to evade enforcement of this Court's Judgment simply because of this transfer of interests.

Given the balance of the equities, State Towing, LLC should not be allowed to operate without the liability of Empire Towing being imposed upon it, merely because it has shed its corporate identity.

State Towing, LLC should not be allowed to retain profit from the operation of a towing business, which would have otherwise been available to the Plaintiff had Messrs. Faisal and Rana not purposefully terminated the operations of Empire Towing. Cf. Golden State Bottling Co. v. NLRB, 414 U.S. 168, 186-87 (1973) (observing that national labor policy provides that the violator of the National Labor Relations Act (NLRA) may not shed all responsibility for remedying his own unfair labor practices by simply disposing of the business).

## V.   Conclusion

Although some evidence already points in the direction of certain successorship liability on the part of State Towing, LLC, the Plaintiff respectfully requests that the Court allow the Plaintiff to use written discovery devices (subpoenaed document production), along with the use of Fed.R.Civ.P. 30(b)(6) deposition, to gather additional discovery for the purpose of allowing the Plaintiff to present the Court with a Motion for an Order of Successorship.

Respectfully submitted,

Howard B. Hoffman, Esq.
ATTORNEY AT LAW
600 Jefferson Plaza, Ste. 204
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (facsimile)
hhoffman@hoholaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2018, a copy of the foregoing Plaintiff's Motion To Permit Discovery Concerning Successorship Pursuant to Fed.R.Civ.P. 25(c), along with all exhibits and a proposed Order, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

I hereby further certify that on this 8th day of May, 2018, a copy of the foregoing Plaintiff's Motion To Permit Discovery Concerning Successorship Pursuant to Fed.R.Civ.P. 25(c), was served via U.S. Mail first class postage prepaid, on the following Defendants:

Faisal Nisar
906 Rachel Jordan Court
Owings Mills, Maryland 21117

Joseph Selba, Esq.
Tydings & Rosenberg, LLP
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
*Attorney for Mudassar M. Rana ("Mo Rana")*

Shaheen Group, LLC
10435 Reisterstown Road
Owings Mills, Maryland 21117

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.