UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 8, 2018

LETTER TO COUNSEL

      RE:    *Michael Scott v. Shaheen Group, LLC, et. al.*;
              Civil Case No. GLR-16-4136

Dear Counsel:

      This case has been referred to me for post-judgment discovery disputes and related scheduling matters as authorized by Local Rule 301.6 (aj) and pursuant to Maryland Rule of Civil Procedure 2-633. [ECF No. 39]. Presently pending is Plaintiff Michael Scott's ("Plaintiff") Motion to Permit Discovery Concerning Successorship Pursuant to Federal Rule of Civil Procedure 25(c) [ECF No. 52], Defendant Mudassar Rana's ("Rana") Opposition [ECF No. 66], and Plaintiff's Reply [ECF No. 69]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons discussed below, Plaintiff's Motion will be granted.

      As background, Plaintiff drove a tow truck for Shaheen Group, LLC (t/a "Empire Towing"), which was managed by Faizal "Frank" Nisar and Mudassar Rana. On December 19, 2017, a judgment for violations of the Fair Labor Standards Act was entered against: (1) Shaheen Group, Nisar, and Rana (collectively "Defendants"), jointly and severally, in the amount of $131,466.00; and (2) Rana in the amount of $100,000.00. [ECF No. 20 at 2]. The judgment also awarded Plaintiff attorneys' fees and costs in the amount of $7,797.91. *Id.* On March 19, 2018, with the judgment remaining unpaid, Plaintiff filed a Request for Order Directing Judgment Debtor Rana to Appear for Examination in Aid of Enforcement of Judgment. [ECF No. 32]. On April 5, 2018, I granted Plaintiff's Request and ordered Rana to appear for examination on May 7, 2018, [ECF No. 40]. On May 7, 2018, however, Rana filed for bankruptcy under Chapter 7. [ECF No. 48]. Consequently, Rana's post-judgment examination was stayed.

      Relevant to the instant motion, the corporate charter to Shaheen Group, LLC was revoked by the state of Maryland [ECF No. 52-2], and Rana began operating State Towing, LLC in 2017, [ECF Nos. 52 at 3, 52-1]. According to Plaintiff, State Towing, LLC: (1) utilizes several vehicles that were once operated by Empire Towing; (2) serves former clients of Empire Towing; and (3) "[i]n all respects . . . is run like Empire Towing." [ECF No. 52 at 3]. Plaintiff further alleges that, "in order to finance and assist in the establishment of State Towing, LLC, [] Rana used assets received, recovered or transferred from Empire Towing." *Id.* Accordingly, Plaintiff contends that State Towing, LLC, as a potential successor in interest of Shaheen Group, LLC, may be legally responsible for the December 19, 2017 judgment referenced above. *Id.* at 3. As such, Plaintiff requests that I grant limited post-judgment discovery to permit Plaintiff to determine whether State Towing, LLC qualifies as Shaheen Group, LLC's successor in interest.

*Michael Scott v. Shaheen Group, LLC, et. al.*;
Civil Case No. GLR-16-4136
June 8, 2018
Page 2

### I. Legal Standard

Federal Rule of Civil Procedure 25(c) provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "In other words, the rule serves as a procedural mechanism to bring a successor in interest into court when 'it has come to own the property in issue.'" *Rodriguez-Miranda v. Benin*, 829 F.3d 29, 40 (1st Cir. 2016) (citation omitted). Thus, Rule 25(c) "may be 'invoked to substitute a successor in interest who . . . obtained the assets of the corporation against whom judgment had been rendered.'" *Id.* (citation omitted); *see also Explosives Corp. of Am. v. Garlam Enterprises Corp.*, 817 F.2d 894, 907 (1st Cir. 1987) ("Substitution may be ordered after judgment has been rendered in the district court for the purpose of subsequent proceedings to enforce judgment.") (citation omitted).

### II. Discussion

"While the Fourth Circuit has not opined on whether or not successor liability is available under the FLSA, 'the trend among the courts that have decided the question is to recognize successor liability in FLSA cases' including various district courts, along with the Ninth and Seventh Circuits." *Carrillo v. Borges Constr., LLC*, No. GJH-13-641, 2016 WL 5716186, at *5 (D. Md. Sept. 30, 2016) (citation omitted). Importantly, this District has also expressly recognized the applicability of successor liability in FLSA cases. *See id.* ("[T]his Court finds that successor liability is appropriate under the FLSA."). Thus, provided Plaintiff demonstrates that State Towing, LLC is a successor in interest of Shaheen Group, LLC, State Towing, LLC may be substituted into the instant action pursuant to Rule 25(c). Specifically, State Towing, LLC is a successor in interest and liable for the judgment "that may be attached to the transferred assets" if it: (1) is a bona fide successor; (2) had notice of the potential liability, and (3) the predecessor (Shaheen Group, LLC) is unable to directly provide adequate relief. *Herrera v. Singh*, 118 F. Supp. 2d 1120, 1123 (E.D. Wash. 2000) (citing *Steinbach v. Hubbard*, 51 F.3d 843, 845–46 (9th Cir.1995)). "Whether an employer qualifies as a bona fide successor will hinge principally on the degree of business continuity between the successor and predecessor." *Steinbach*, 51 F.3d at 846 (9th Cir. 1995) (citation omitted). Furthermore, business continuity is established by weighing:

> (1) the similarity of business operations; (2) use of the same physical facilities; (3) use of the same workforce; (4) existence of the same jobs under the same working conditions; (5) presence of the same supervisors; (6) use of the same methods of production; and (7) production of similar products and/or services.

*Herrera*, 118 F. Supp. 2d at 1123 (E.D. Wash. 2000) (citing *NLRB v. Jeffries Lithograph Co.*, 752 F.2d 459, 463–64 (9th Cir.1985)).

Rana opposes Plaintiff's request for limited post-judgment discovery as to the issue of State Towing, LLC's potential successor liability, on the grounds that State Towing, LLC is

*Michael Scott v. Shaheen Group, LLC, et. al.*;
Civil Case No. GLR-16-4136
June 8, 2018
Page 3

"included among the assets of [] Rana that constitute property of his bankruptcy estate and, thereby, are subject to the efforts of the Chapter 7 Bankruptcy Trustee." [ECF No. 66 at 1]. Thus, Rana contends that any discovery should be stayed until the conclusion of his bankruptcy proceedings. *Id.* Rana's position is without merit. Federal courts have routinely held that the protections afforded by the automatic stay do not extend to the assets of separate legal entities. *See In re Calhoun*, 312 B.R. 380, 383 (Bankr. N.D. Iowa 2004) (refusing to extend the automatic stay to a chapter 7 debtor's limited liability company); *Kreisler v. Goldberg*, 478 F.3d 209, 214 (4th Cir. 2007) (holding that the assets of a separate LLC belonged to the LLC "and did not form part of [the] bankruptcy estate" necessary to implicate the automatic stay). Indeed, in explaining why the assets of a separate and distinct LLC are not affected by the automatic stay, the Fourth Circuit stated:

> Although [the debtor] could have established an ownership interest in the property, it chose not to do so. Instead, it created an LLC for the purpose of holding title to the property. Having assumed whatever benefits flowed from that decision, it cannot now ignore the existence of the LLC in order to escape its disadvantages . . . The assets of [the LLC] belong[] to [the LLC] and d[o] not form part of [the debtor's] bankruptcy estate.

*Kreisler*, 478 F.3d at 214 (citation omitted). Accordingly, the Fourth Circuit stated that, "had [the LLC] wished to receive the protections afforded by [the automatic stay], it must have filed for bankruptcy." *Id.* at 213-14.

Based on the foregoing, I find that post-judgment discovery concerning State Towing, LLC's potential successor liability is appropriate. In his Opposition, Rana admitted that he fully owns State Towing, LLC. [ECF No. 66 ¶ 1]. Moreover, Rana also failed to contest Plaintiff's allegations that State Towing, LLC: (1) received vehicles from Empire Towing; (2) serves former clients of Empire Towing; and (3) in all respects, is operated like Empire Towing. *See* [ECF No. 66]. Accordingly, Plaintiff is hereby permitted to take discovery concerning State Towing, LLC's potential successor liability.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge