UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 26, 2018

LETTER TO COUNSEL

      RE:    *Michael Scott v. Shaheen Group, LLC, et. al.*,
              Civil Case No. GLR-16-4136

Dear Counsel:

This case has been referred to me for post-judgment discovery disputes and related scheduling matters as authorized by Local Rule 301.6 (aj) and pursuant to Maryland Rule of Civil Procedure 2-633. [ECF No. 39]. Presently pending is Plaintiff Michael Scott's ("Plaintiff") Motion to Enforce a Subpoena *Duces Tecum* served on a non-party, State Towing, LLC [ECF No. 94], Defendant Mudassar Rana's ("Rana") Opposition [ECF No. 97], and Plaintiff's Reply [ECF No. 101]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons discussed below, Plaintiff's Motion will be granted in part and denied in part.

As background, Plaintiff drove a tow truck for Shaheen Group, LLC (t/a "Empire Towing"), which was managed by Faizal "Frank" Nisar and Mudassar Rana. On December 19, 2017, a judgment for violations of the Fair Labor Standards Act was entered against: (1) Shaheen Group, Nisar, and Rana (collectively "Defendants"), jointly and severally, in the amount of $131,466.00; and (2) Rana in the amount of $100,000.00. [ECF No. 20 at 2]. The judgment also awarded Plaintiff attorneys' fees and costs in the amount of $7,797.91. *Id.* On March 19, 2018, with the judgment remaining unpaid, Plaintiff filed a Request for Order Directing Judgment Debtor Rana to Appear for Examination in Aid of Enforcement of Judgment. [ECF No. 32]. On April 5, 2018, I granted Plaintiff's Request and ordered Rana to appear for examination on May 7, 2018, [ECF No. 40]. On May 7, 2018, however, Rana filed for bankruptcy under Chapter 7. [ECF No. 48]. Consequently, Rana's post-judgment examination was stayed.

The corporate charter to Shaheen Group, LLC was revoked by the state of Maryland [ECF No. 52-2], and Rana began operating State Towing, LLC ("State Towing") in 2017, [ECF Nos. 52 at 3, 52-1]. According to Plaintiff, State Towing: (1) utilizes several vehicles that were once operated by Empire Towing; (2) serves former clients of Empire Towing; and (3) "[i]n all respects . . . is run like Empire Towing." [ECF No. 52 at 3]. Plaintiff further alleges that, "in order to finance and assist in the establishment of State Towing, LLC, [] Rana used assets received, recovered or transferred from Empire Towing." *Id.* Accordingly, Plaintiff requested, and I granted, limited post-judgment discovery to permit Plaintiff to determine whether State Towing qualifies as Shaheen Group, LLC's successor in interest. [ECF No. 70].

On June 15, 2018, Plaintiff served a Subpoena *Duces Tecum* on State Towing's resident agent, Rana, requiring production by July 6, 2018. [ECF No. 76]. Rana's counsel responded to Plaintiff with "a number of categories of documents" on July 5, 2018. [ECF No. 94]. On July 16, 2018, Plaintiff's counsel and State Towing's counsel spoke on the telephone regarding the production of the subpoenaed documents and the inadequacy of State Towing's production. *Id.* On July 18, 2018, Plaintiff inquired about the status of the documents and State Towing's counsel responded that more documents would arrive "tomorrow." *Id.* Plaintiff did not receive any more documents or responses from State Towing. *Id.* Plaintiff alleges that State Towing has failed to produce critical documents in response to the Subpoena *Duces Tecum*, including cancelled bank account checks, correspondence with third party motor clubs, all vehicle titles and registrations for vehicles used by State Towing, payroll records for State Towing, and all applications for insurance on State Towing's vehicles. [ECF No. 94]. Thus, Plaintiff requests that I enforce the Subpoena *Duces Tecum* served on State Towing, and require State Towing to produce the requested documents. *Id.* Plaintiff also seeks $1,500.00 in attorneys' fees and costs associated with the preparation and filing of Plaintiff's Motion. [ECF No. 94-1].

"Federal Rule of Civil Procedure 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit." *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002) (citing Fed. R. Civ. P. 34(c)). Consistent with Rule 26, Rule 45 subpoenas may be used to discover "any nonprivileged matter that is relevant to any party's claim or defense." *Boykin Anchor Co. Inc. v. Wong*, No. 5:10-CV-591-FL, 2012 WL 27328, at *2 (E.D.N.C. Jan. 4, 2012). A non-party may object to a subpoena by: "fil[ing] a motion to quash or modify the subpoena pursuant to Fed.R.Civ.P. 45(c)(3)(A), seek[ing] a protective order pursuant to Fed.R.Civ.P. 26(c), or … [by] object[ing] to the production of documents by opposing a motion to compel under Fed.R.Civ.P. 45(c)(2)." *Star Scientific, Inc.*, 205 F. Supp. 2d at 484. Rule 45 further provides that a party serving a subpoena may move the court for an order compelling production, as Plaintiff has done in this case. Fed. R. Civ. P. 45(d)(2)(B)(i).

Defendant Rana opposed Plaintiff's Motion to Enforce the Subpoena, arguing that Rana's counsel has been prompt in responding to Plaintiff's requests, that Rana is not a sophisticated businessman and requires third parties to obtain and produce responsive documents, and that Rana has already produced the documents requested or is in the process of doing such. [ECF No. 97]. Importantly, while Rana is the resident agent and owner of State Towing, his response to Plaintiff's Motion was not submitted on behalf of State Towing. *Id.* Thus, there is no objection by State Towing currently before this Court. With no objections from State Towing as to the relevance of the documents requested by Plaintiff, I find that the documents are both relevant and discoverable, as they concern State Towing's potential successor liability. Accordingly, I find that State Towing shall comply with the Subpoena *Duces Tecum* and shall produce to Plaintiff's counsel all requested documents no later than **October 15, 2018**.

Plaintiff also seeks fees and costs. "The only authority for the imposition of sanctions against a nonparty for failure to comply with a subpoena is Rule 45(e)." *In re NCAA Student-Athlete Name & Likeness License Litig. for the N. Dist. Cal.*, No. 1:11MC63, 2012 WL 2281253,

at *7 (M.D.N.C. June 18, 2012). Rule 45(e) allows the Court to hold persons in contempt who "fail[] without adequate excuse to obey the subpoena," but does not independently provide for an award of fees and costs *Id.* Plaintiff has not sought a contempt order, and cites no other authority for awarding fees and costs in connection with a motion to enforce a non-party subpoena. Accordingly, no such order is warranted.

Despite the informal nature of this letter, it will be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge